**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ERNEST ALBRITTON,**

    **Plaintiff,**

v.                                                      **Case No. 8:13-cv-1502-T-30TGW**

**GEOVERA SPECIALTY INSURANCE**
**SERVICES, INC.,**

    **Defendant.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 8) and Defendant's Response in Opposition (Dkt. 11). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

**BACKGROUND**

Plaintiff Ernest Albritton originally filed this action on or about December 13, 2012, in the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida, against Defendant Geovera Specialty Insurance Services, Inc. for breach of an insurance policy. Specifically, on or about March 24, 2012, Albritton's home sustained damages as a result of catastrophic ground cover collapse. At this time, Albritton's home was insured under a policy of insurance issued by Geovera. Subsequently, Geovera denied coverage and this lawsuit ensued.

On June 7, 2013, Geovera removed the action to this Court on the basis of diversity jurisdiction. Geovera's removal relies upon Albritton's June 4, 2013 demand letter that sets forth a demand of $157,200 as an "other paper" that establishes the amount in controversy. Albritton now moves to remand the action. Albritton argues that Geovera's removal was untimely because: (1) the complaint was removable on its face; or (2) the complaint was removable based on May 2, 2013 correspondence to Geovera, enclosing an April 23, 2013 report from Michael Biller with Biller Reinhart Structural Group, Inc.

As discussed below, the Court agrees that Geovera's removal is untimely because the May 2, 2013 correspondence and Biller's report establish, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds $75,000.

## DISCUSSION

**I.  Legal Standard**

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as it is in this case, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount-in-controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). The parties do not dispute whether complete diversity of citizenship exists. When, as here, damages are not specified in the state court complaint, the defendant seeking removal must prove by a preponderance of the evidence that "the amount in controversy more likely than not exceeds ... the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all

uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).

Notably, when a defendant removes under the second paragraph of 28 U.S.C. § 1446(b) (now found at 28 U.S.C. § 1446(b)(3)), which is what Geovera did in this case, *Lowery* applies to establish the defendant's burden. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007). Since *Pretka*, the Eleventh Circuit has repeatedly and clearly applied this distinction in the removal standards based upon the timing of the removal. *See Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1204 n.2 (11th Cir. 2011); *Roe*, 613 F.3d at 1061 nn.3-4. In *Lowery,* the court held that "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Id.* at 1208.

## II. Removal Based on the Complaint

Applying the guidelines set forth in *Roe* and *Pretka* that govern removals filed within thirty days of service, the Court concludes that Geovera could not have removed this case based on Albritton's complaint. The complaint alleges that the damages are "in excess of fifteen thousand dollars ($15,000) exclusive of interest, attorneys' fees, and costs." (Dkt. 2). This, standing alone, is insufficient to establish the jurisdictional amount. The allegations of the complaint also do not specify Albritton's damages in any detail to be able to quantify the jurisdictional amount. For example, the complaint alleges that the subject home "sustained damages as a result of catastrophic ground cover collapse" but the extent or scope of the damages is unclear. (Dkt. 2).

In sum, the complaint is insufficient to establish the jurisdictional amount even under *Roe* and *Pretka's* more liberal standard. Accordingly, Albritton's argument that Geovera should have removed the case based on the complaint fails.

### III. Removal Based on the May 2, 2013 Correspondence and Attached Report

On May 2, 2013, Albritton's counsel wrote a letter to Geovera's counsel that attached a report from Michael H. Biller, a structural engineer. Biller surveyed the subject home and observed a number of conditions that rendered the home "dangerous" and recommended that the subject home "be vacated until proper repairs are made to the structure." (Dkt. 8-1 at Ex. "F-1"). Biller's report also detailed the dangerous conditions; for example Biller observed "cracking", "perceptible sloping", and "ground surface depressions." *Id.* The May 2, 2013 letter from Albritton's counsel to Geovera's counsel stated that Albritton "was instructed to leave his home by Polk County officials" based on the dangerous conditions that existed at the subject home. (Dkt. 8-1 at Ex. "F"). That same day, Geovera's counsel then sent a letter to Albritton's counsel that stated: "[t]hank you for your call this morning in which you indicated that your expert has recommended that the subject property be condemned due to the fact that the entire residence sits on a depression." (Dkt. 8-1 at Ex. "H").

The Court concludes that the May 2, 2013 correspondence between the parties' counsel and the attached April 23, 2013 report establish, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds $75,000. It was clear at this time that the policy limits, which easily exceed $75,000, were at issue. Accordingly, Geovera's June 7, 2013 removal was untimely because Geovera should have removed this case within thirty days from the May 2, 2013 correspondence.

Notably, Geovera's response relies heavily on the *Sibilia* cases (*Sibilia v. Makita Corp.*, 674 F. Supp. 2d 1290 (M.D. Fla. 2009) and *Sibilia v. Makita Corp.*, 782 F. Supp. 2d 1329 (M.D. Fla. 2010)) to argue that Geovera was "right" and "prudent" to wait to remove this case until Geovera was provided with a document, i.e., the demand letter, that "proved" the case was removable. (Dkt. 9). Geovera neglects to consider that the *Sibilia* cases were decided prior to *Roe* and *Pretka*. Thus, the procedural posture of the *Sibilia* cases is no longer relevant or useful, especially to the instant case.[1]

In sum, resolving all uncertainties in favor of remand, the Court concludes that Geovera's removal was untimely.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Remand (Dkt. 8) is granted for the reasons stated herein.

2. The Clerk of Court is directed to remand this case to the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida, and provide that court with a copy of this Order.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on August 16, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record
S:\Even\2013\13-cv-1502.mtremand.frm

---

[1] Geovera's argument that presuit documents are insufficient for purposes of removal is also incorrect under *Roe* and *Pretka*.